UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RYAN WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>LA VIE RESIDENCES, THOMPSON and MICHIE ASSOCIATES, TAMINA SAIQ, HOLLY DAVIS,<br><br>Defendants. | Case No. 2:24-cv-01554-JAD-EJY<br><br>**ORDER**<br><br>**AND**<br><br>**REPORT AND RECOMMENDATION** |

Pending before the Court is Plaintiff's complete Application to Proceed *in forma pauperis* ("IFP") and Complaint. ECF Nos. 1, 1-1. The Court grants Plaintiff's IFP application, but dismisses the Complaint. The Complaint does not identify the domicile of the named defendants and does not establish federal question jurisdiction. For these reasons, Plaintiff's Complaint is dismissed without prejudice and with leave to amend.

**I.     Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

1

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

## II.     Plaintiff's Complaint Fails to Establish Jurisdiction

"Federal district courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1027 (9th Cir. 2011) (quotation omitted). Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (commonly referred to as federal question jurisdiction). Federal district courts also have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different States." 28 U.S.C. § 1332(a). "Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

Federal courts have the authority to determine their own jurisdiction. *Special Investments, Inc. v. Aero Air, Inc.*, 360 F.3d 989, 992 (9th Cir. 2004). "The party asserting federal jurisdiction bears the burden of proving that the case is properly in federal court." *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). A court may raise the question of subject-matter jurisdiction *sua sponte*, and it must dismiss a case if it determines it lacks subject matter jurisdiction. *Id.*; Fed. R. Civ. P. 12(h)(3). Here, as the party seeking to invoke the Court's jurisdiction, Plaintiff bears the burden of establishing jurisdiction exists. *See Naffe v. Frey*, 789 F.3d 1030, 1040 (9th Cir. 2015).

Plaintiff's Complaint states "Jurisdiction … 18 U.S.C. § 1040 … Fraud in connection with major disaster or emergency benefits." ECF No. 1-1 at 1. *See also id*. at 5. However, 18 U.S.C. § 1040 is a criminal statute. The statute criminalizes misrepresentations made in connection with civil emergencies or disaster declarations. *Id*. The statute does not confer a private right of action in a civil action and, for this reason, Plaintiff neither establishes jurisdiction nor states a claim under 18 U.S.C. § 1040. *See*, *e.g.*, *Wisdom v. First Midwest Bank*, 167 F.3d 402, 407-09 (8th Cir. 1999) (collecting cases holding that plaintiff lacked private right of action to enforce federal mail and wire fraud statutes); *Ingalls v. Adams Community Bank*, Case No. 19-cv-30006-MGM, 2020 WL 3722317, at *7 (D. Mass. Mar. 25, 2020) (same).

The only other federal law claim Plaintiff asserts arises under Title VI of the 1964 Civil Right Acts. ECF No. 1-1 at 5 (Plaintiff's Fourth Cause of Action). A cause of action under Title VI requires Plaintiff to plead discrimination based on "race, color, or national origin …." 42 U.S.C. § 2000d. More specifically, in order to state a claim for intentional discrimination under Title VI, a plaintiff must allege the following: (1) there is a hostile environment based on race, color or national origin; (2) the defendant had notice of the problem; and (3) the defendant failed to respond adequately to redress the hostile environment. *See Monteiro v. Tempe Union High School Dist.*, 158 F.3d 1022, 1033 (9th Cir. 1998) (citation omitted). A hostile environment is one where harassment is "severe, pervasive or persistent so as to interfere with or limit the ability of an individual to participate in or benefit from the services, activities, or privileges provided by the recipient." *Id.* (internal quotations and citations omitted).

Here, Plaintiff fails to allege any facts in support of a claim that he was intentionally discriminated against because of his race, color or national origin. *See* ECF No. 1-1. Further, Title VI provides no cause of action against individual defendants. *Joseph v. Boise State Univ.*, 998 F. Supp. 2d 928, 944 (D. Idaho 2014) (finding individuals are not liable under Title VI because individuals do not receive federal financial assistance) *aff'd on other grounds*, 667 Fed.Appx. 241 (9th Cir. 2016). Thus, Plaintiff has no Title VI claim against Defendants Tamina Saiq or Holly Davis. In sum, Plaintiff does not state a claim under Title VI of the 1964 Civil Rights Act. In the absence of a cause of action under federal law, Plaintiff fails to establish federal question jurisdiction.

The remainder of Plaintiff's claims arise under Nevada law.  ECF No. 1-1 at 5-9.  Plaintiff is a Nevada resident and fails to plead the residency of any Defendant.  Thus, Plaintiff does not establish complete diversity of citizenship precluding jurisdiction under 28 U.S.C. § 1332(a).

### III. Order

IT IS HEREBY ORDERED that Plaintiff's Application to Proceed *in forma pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Complaint against La Vie Residences and Thompson and Michie Associates is dismissed without prejudice and with leave to amend. Dismissal without prejudice allows Plaintiff to bring his claim in the Eighth Judicial District Court for the District of Nevada where all his state court claims may be heard along with his Title VI claim, or Plaintiff may attempt to replead his claims in federal court where he must establish a basis for jurisdiction in the federal court.  Plaintiff may establish a basis for federal court jurisdiction by pleading facts that establish a claim under a federal statute or the U.S. Constitution, or by establishing complete diversity of citizenship—that each defendant is a citizen of a state other than the state in which Plaintiff claims citizenship.

If Plaintiff reasserts his Title VI claim, he must plead facts sufficient to state a claim of intentional discrimination on the basis of his race, color, or national original and that the entities involved are receiving federal financial assistance. *Fobbs v. Holy Cross Health Sys. Corp.*, 29 F.3d 1439, 1447 (9th Cir. 1994).

IT IS FURTHER ORDERED that any amended complaint **must** be filed no later than **September 27, 2024**.

IT IS FURTHER ORDERED that failure to comply with the terms of this Order may result in dismissal of Plaintiff's action in its entirety.

### IV. RECOMMENDATION

IT IS HEREBY RECOMMENDED that Plaintiff's claim under 18 U.S.C. § 1040 be dismissed with prejudice.

IT IS FURTHER RECOMMENDED that Plaintiff's claim under Title VI of the 1964 Civil Rights Act against Tamina Saiq and Holly Davis be dismissed with prejudice.

Dated this 26th day of August, 2024.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).