UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RYAN WILLIAMS,<br><br>    Plaintiff,<br><br>  v.<br><br>LA VIE RESIDENCES, et al.,<br><br>    Defendants. | Case No. 2:24-cv-01554-JAD-EJY<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion Request[ing] Pro Bono Representation (ECF No. 4). As a general proposition, a civil litigant has no right to counsel. *Lassiter v. Department of Social Services of Durham County*, 452 U.S. 18 (1981); *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). The Court has discretionary authority under 28 U.S.C. § 1915 to appoint counsel for an indigent civil litigant to commence, prosecute, or defend a civil action. *United States v. McQuade,* 519 F.2d 1180 (9th Cir. 1978) (addressing relevant standard of review for motions to appoint counsel in civil cases) (other citations omitted).

A court may under "exceptional circumstances" appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004), *cert. denied sub nom. Gerber v. Agyeman*, 545 U.S. 1128 (2005). When determining whether "exceptional circumstances" exist a court must consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). However, a court "is not required to articulate reasons for denying appointment of counsel if the reasons are clear from the record." *Johnson v. United States Dept. of Treasury*, 939 F.2d 820, 824 (9th Cir. 1991).

In this case, Plaintiff fails to establish exceptional circumstances and the record does not suggest any. In her Motion, Plaintiff states simply that she requests pro bono representation because she is "a Nevada resident, unemployed and female." ECF No. 4. None of these facts constitutes an exceptional circumstance. To the extent Plaintiff is asserting her unemployed status as a barrier to

successfully litigate her claim, this is insufficient grounds to warrant the appointment of pro bono counsel. *Sands v. Lewis*, 886 F.2d 1166, 1169 (9th Cir. 1989) ("the Constitution does not require the elimination of all economic, intellectual, and technological barriers to litigation"). Further, the Screening Order reveals Plaintiff has yet to allege any facts establishing a basis for federal jurisdiction. ECF No. 3. Even assuming Plaintiff can plead additional facts establishing a claim under Title VI, and thus federal jurisdiction, this single claim is not so complex that it warrants appointment of counsel. *See Ghareeb v. Univ. of N. Colo.*, Case No. 19-cv-00228-STV, 2019 WL 13444179 at *4 (D. Colo. May 28, 2019) (denying motion requesting appointment of counsel for a Title VI claim even when a plaintiff "makes representations that an attorney would be more knowledgeable of the law and thus better suited to prosecute his claims" because the motion "does not present any unique circumstances that would prevent Plaintiff from effectively investigating the facts and presenting his claims"). Based on the foregoing, the Court finds the appointment of pro bono counsel is not warranted.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion Request[ing] Pro Bono Representation (ECF No. 4) is DENIED.

Dated this 13th Day of September.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE